# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CEDRIC BROOKS,**                                                                     **PETITIONER**

**v.**                                                                                 **No. 4:10CV31-P-S**

**SMCI - LEAKESVILLE**                                                         **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Cedric Brooks for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to exhaust state remedies. Brooks has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the petition dismissed for failure to exhaust state remedies.

## Facts and Procedural Posture

The petitioner, Cedric Brooks, is in the custody of the Mississippi Department of Corrections and is currently housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. On or about February 13, 1996, Brooks pleaded guilty to two counts of sale of a controlled substance in the Circuit Court of Washington County, Mississippi. He was sentenced to serve thirty years with ten years suspended on the first count, and to serve thirty years with six years suspended on the second count, all in the custody of the Mississippi Department of Corrections ("MDOC"). The sentences run concurrently. Brooks filed a motion for post-conviction relief in that court, which was denied. He appealed the denial to the Mississippi Supreme Court. On June 7, 2005, the Mississippi Court of Appeals affirmed the lower court's decision. *Brooks v. State*, 919 So.2d 179 (Miss. App. 2005) (Cause No. 2003-CP-

01215-COA).

On June 8, 2009, Brooks pled guilty to one count of possession of a controlled substance (marijuana) on Mississippi state property (prison grounds) in the Circuit Court of Sunflower County, Mississippi. On June 9, 2009, he was sentenced to serve three years in MDOC custody. The sentence runs consecutively to the sentences for his prior convictions. Brooks filed a Notice of Appeal in the Mississippi Supreme Court on January 19, 2010. On April 29, 2010, the appeal was dismissed for failure to pay the costs of the appeal. (Cause No. 2010-TS-00112-COA). Brooks has not filed a motion for post-conviction collateral relief challenging the 2009 plea to possession of marijuana. In instant federal petition Brooks' issues relate to his June 2009, conviction rather than his previous February 1996 convictions for sale of cocaine.

In his federal petition for *habeas corpus* relief, Brooks raises the following grounds (as stated by Petitioner) for habeas relief:

> Ground 1.   Ineffective assistan[ce] of counsel.
>
> Ground 2.   My guilty plea was not supported by an factual basic constitutional violation.

**Exhaustion of State Remedies**

None of Brooks' grounds have been exhausted in the state courts. Brooks has not given the state's highest court, the Mississippi Supreme Court, an opportunity to review his claims. Therefore, the instant petition for a writ of *habeas corpus* will be dismissed for failure to exhaust the claims presented in Grounds One and Two of the instant petition in state court.

The "administration of justice would be better served by insisting on exhaustion" rather than reaching the merits of the petition prior to a decision in state court. *Horsley v. Johnson,* 197 F.3d 134, 136 (5th Cir. 1999) (citing *Granberry v. Greer,* 481 U.S. 129, 131, 107 S.Ct. 1671,

95 L.Ed.2d 119 (1987)). "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment. *Duncan v. Walker,* 533 U.S. 167, 178-79, 121 S.Ct. 2120, 2127-28 (2001) (citing *O'Sullivan v. Boerckel*, supra). "[C]omity and judicial economy make it appropriate to insist on complete exhaustion where 'unresolved questions of fact or state law might have an important bearing . . . .'" *Horsley,* 197 F.3d at 137 (5th Cir. 1999) (citations omitted).

Brooks may satisfy the exhaustion requirement through the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated, §§ 99-39-1, *et seq*. Specifically, §99-39-5 provides:

> (2) A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi . . . . (exceptions omitted).

Brooks has three years from the date his conviction became final to file for relief pursuant to Miss. Code Ann. § 99-39-1, *et seq*. Only after he pursues his state court remedies will he have fairly presented his claims to the state's highest court in a procedurally proper manner to satisfy the exhaustion requirement. Brooks' failure to exhaust available state court remedies warrants dismissal of the instant federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1) and (c), *supra*; *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 67 USLW 3682 (1999); *Rose v. Lundy,* 455 U.S. 509 (1982); *Duckworth v. Serrano,* 454 U.S. 1 (1981).

Brooks must, however, seek state post-conviction collateral relief diligently and promptly to toll the federal limitations period. Brooks' sentence was ordered on June 9, 2009, and he attempted to appeal the sentence to the Mississippi Supreme Court. That appeal was dismissed on April 29, 2010, for failure to pay costs. Brooks' judgment thus became final, at the very latest, on April 29, 2010, upon the conclusion of his attempted direct appeal. Thus, absent any properly filed motion for post-conviction collateral relief to toll the AEDPA statute of limitations, the deadline for filing a proper federal *habeas corpus* petition will expire no later than April 29, 2011.

Thus, for the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 21st day of July, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE